United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE BEXTRA AND CELEBREX MARKETING, SALES PRACTICES AND PRODUCT LIABILITY LITIGATION, _____/ | No. MDL 05-01699 CRB<br><br>**ORDER RE MOTION TO APPOINT COUNSEL AND/OR GUARDIAN AD LITEM** |
| *This document relates to:*<br>06-3207, Jamal Ali Bilal<br>_____/ | |

Now pending before the Court is pro se plaintiff Jamal Ali Bilal's Motion to Appoint Counsel to Military Veteran And Or Guardian Ad Litem.

There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation.  See Lassiter v. Dep't of Social Servs., 452 U.S. 18, 25 (1981); Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), reh'g en banc on other grounds, 154 F.3d 952 (9th Cir. 1998).  Plaintiff has not demonstrated, nor claimed, that he is indigent or at risk of losing his physical liberty.  Plaintiff's request that the Court appoint counsel under 38 U.S.C. § 1712, a statute relating to veterans' access to dental care, is also unfounded.

In addition, while the Court takes seriously its obligation to appoint a guardian under Fed. R. Civ. P. 17(c)(2) to protect an incompetent person who is unrepresented in an action, Plaintiff has made an insufficient showing that he is incompetent.

For the foregoing reasons, Plaintiff's motion to appoint counsel or a guardian ad litem is DENIED.

**IT IS SO ORDERED.**

Dated: June 15, 2009



CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

2

G:\CRBALL\2005\1699\ordersmisc\orderrebilal33.wpd